JUDGE PRESKA          17 CV 173

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Everton Aloysius Sterling ) | Case No. _____ (   ) |
| ) | |
| ) | |
| Plaintiff, ) | **NOTICE OF REMOVAL OF ACTION** |
| ) | UNDER 28 U.S.C. §§ 1441(a) & 1446 |
| -against- ) | |
| ) | |
| 1279 ST. JOHNS PLACE, LLC, et. al. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant(s). ) | |
| ) | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that the Plaintiff in the above entitled action, Everton Aloysius Sterling, an unincorporated natural man and Living Soul who is a true and faithful Servant of our Lord and Savior Jesus the Christ, standing *in propria persona sui juris* in this civil action, hereby removes to this Court the state Court action described below:

1. On October 28, 2016, the Plaintiff named herein commenced an action in the Supreme Court of the State of New York, in and for the County of Bronx, entitled "Everton Aloysius Sterling v. 1279 ST. JOHNS PLACE, LLC", docketed as Index No. 303518/2016, attached hereto as Exhibit "A", and incorporated herein by reference.

2. The first date upon which the Defendant(s) received a copy of the said Civil Complaint was November 2, 2016 at 4:25 pm, when Defendant(s) were served with a true and correct copy of the said Complaint together with a Summons from the said state Court. A copy of the Summons is attached hereto as Exhibit "B", and incorporated herein by reference.

3. This action is a Civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Plaintiff pursuant to provisions of 28 U.S.C. §§ 1441(a) & 1446, in that its causes of action arises under a federal question pertaining to the Fair Debt Collection Practices Act codified in 15 U.S.C. § 1692, et. seq., as well as HOEPA, RESPA, TILA and the Uniform Commercial Code (UCC).

4. <u>Grounds for Removal</u>:

   a) Defendant(s) are "Debt Collectors" as defined by FDCPA 15 U.S.C. § 1692(a);

   b) Plaintiff avers that Defendant(s) violated Plaintiff's Rights as defined by FDCPA 15 U.S.C. § 1692(a), § 1692(a)(3), and § 1692g(a)(5);

   c) 15 U.S.C. § 1692k(d) states: "An action to enforce any liability created by this Title may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other Court of competent jurisdiction, within one year from the date on which the violation occurs."

   d) Plaintiff's civil Complaint for FDCPA, TILA, HOEPA, RESPA and UCC violations is an action to enforce Defendant(s) liability created by their violations of Plaintiff's Rights under federal law.

   e) Thus, the state court action may be removed to this Court by Plaintiff in accordance with the provisions of 28 U.S.C. § 1441(a) because this action is a civil action pending the jurisdiction of the United States District Court for the Southern District of New York.

***WHEREFORE,*** Plaintiff Everton Aloysius Sterling, hereby removes the above captioned action from the Supreme Court for the State of New York in the County of

Bronx, and requests that further proceedings be conducted in the United States

District Court for the Southern District of New York.

Date: January ⚊, 2017.
       State of New York, County of Bronx.

Respectfully Submitted,

*[signature]*

Everton Aloysius Sterling
c/o General Post 341
Bronx New York [10469-9998]

cc:
1. 1279 St. Johns Place LLC.
   7 Marcus Drive
   Monsey, New York 10952

2. 222 Funding Associates
   c/o HP Capital, LLC
   Four West Red Oak Lane, Suite 200
   White Plains, New York 10604

3. Alan Snider
   Registration # 2003549
   Attorney At Law
   800 Central Park Avenue, Suite # 201
   Scarsdale, New York 10583

4. HP Capital, LLC
   c/o James K. Coleman
   Four West Red Oak Lane, Suite 200
   White Plains, New York 10604

5. Alan Jay Waintraub Esq.,
   Registration # 4667838
   97-17 64th Road, 3rd Floor
   Rego Park, New York 11374

6. Joyce Waintraub, Asset Manager
   c/o 1279 St. Johns Place LLC.
   7 Marcus Drive
   Monsey, New York 10952

7 . Pincus David Carlebach
   Registration # 2383206
   Law Office of David Carlebach
   55 Broadway, Suite 1902
   New York, New York 10006

# EXHIBIT A

SUPREME COURT
STATE OF NEW YORK      COUNTY OF BRONX
-------------------------------------------------X
                                        Index No. 303518/2016

Everton Aloysius Sterling,

                    Plaintiff(s),                 VERIFIED COMPLAINT

            -against-                                      FOR

1279 ST. JOHNS PLACE, LLC, 222            (1) WRONGFUL FORECLOSURE;
FUNDING ASSOCIATES, ALAN                  (2) BREACH OF THE IMPLIED
SNIDER, JAMES K. COLEMAN,                 COVENANT OF GOOD FAITH AND
ALAN J. WAINTRAUB, JOYCE                  FAIR DEALING;
WAINTRAUB, PINCUS DAVID                   (3) UNJUST ENRICHMENT;
CARLEBACH, and ALL PERSONS                (4) FRAUD;
UNKNOWN CLAIMING ANY LEGAL                (5) SLANDER OF TITLE;
OR EQUITABLE RIGHT, TITLE,                (6) DECLARATORY RELIEF AND
ESTATE, LIEN, OR INTEREST IN              (7) QUIET TITLE;
THE PROPERTY DESCRIBED IN THE
COMPLAINT ADVERSE TO                          JURY TRIAL DEMANDED
PLAINTIFFS' TITLE, OR ANY
CLOUD ON PLAINTIFFS' TITLE
THERETO, *et. al.,*

                    Defendant(s).
-------------------------------------------------X

## JURISDICTION

1. 28 U.S.C. § 1331, Federal Question;

2. 28 U.S.C. § 1337, Commerce, Anti-Trust Regulations, Amount in Controversy,

And Costs;

3. Declaratory Judgment Act 28 U.S.C. §§ 2201, 2202 & FRCP Rule 57 for the

creation of a remedy;

4. 28 U.S.C. § 2409(a), Real Property Quiet Title Actions;

5. 15 U.S.C. § 1692(g), Federal Debt Collection Practices Act (FDCPA);

6. 12 U.S.C. §§ 2601-2617, Real Estate Settlement Procedure Act (RESPA);

7. 12 C.F.R. Part 226, et. seq., Truth in Lending Act (TILA), Regulation Z;

8. UCC Article 9 *en toto*, and UCC §§ 9-203 through 9-206, in particular;

9. United States Constitution Article 1, Section 8;

10. United States Constitution Article IV, Section 3;

11. FRCP Rule 38, Right to Jury Trial.

PARTIES

14. Plaintiff, Everton Aloysius Sterling, an unincorporated Living Soul and servant of The Most High God and His Only Begotten Son and Savior, Yeshua, standing *in propria persona sui juris* before this Honorable Court, is domiciled in the New York State Republic and non-domestic federal zone of the United States, receiving mail at General Post 341 Bronx, New York [10469-9998].

17. Defendant 1279 ST. JOHNS PLACE, LLC is a duly licensed corporation filed with the Secretary of the State of New York whose business location is 97-17 64th Road, 3rd Floor, Rego Park, New York 11374.

18. Defendant 222 FUNDING ASSOCIATES, is an unlicensed business operating as a dba *in care of* HP Capital, LLC, located at 4 West Red Oak Lane, White Plains, New York 10604.

19. Defendant ALAN SNIDER, is an attorney Registration # 2003549, located at 800 Central Park Avenue, Suite # 201 Scarsdale, New York 10583

20. Defendant, JAMES K. COLEMAN, is a general partner in the unlicensed dba 222 FUNDING ASSOCIATES, located at 4 West Red Oak Lane, White Plains, New York 10604.

21. Defendant, ALAN J. WAINTRAUB, is an attorney, Registration # 4667838 97-14 64th Road, 3rd Floor Rego Park, New York 11374.

22. Defendant, JOYCE WAINTRAUB, is an Asset Manager, located at c/o 1279 St. Johns Place LLC., 7 Marcus Drive Monsey, New York 10952.

23. Defendant, PINCUS DAVID CARLEBACH, is an attorney, Registration #

2383206, located at Law Office of David Carlebach, 1 exchange Plz, Suite

1902, New York, New York 10006.

24. Defendant(s) identified as "All Persons Unknown, Claiming Any Legal Or

Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The

Complaint Adverse To Plaintiffs' Title, Or Any Cloud On Plaintiffs' Title Thereto"

are sued herein pursuant to new York State CPLR § 1024.

25. Plaintiff does not know the true names and capacities of the defendants sued

herein as "All Persons Unknown" inclusive, and therefore sues said Defendants by

fictitious names, i.e., John or Jane Doe.

26. Plaintiff is informed and believes, and based on such information and belief,

hereby aver that each of the "Unknown" Defendants is contractually, strictly,

negligently, intentionally, vicariously liable and or otherwise legally responsible in

some manner for the acts and omissions described herein.

27. Plaintiff reserves the right to amend this Complaint to set forth the true names

and capacities of each "Unknown" Defendant when same are ascertained.

28. Plaintiff is informed and believes, and based on such information and belief,

hereby aver that Defendant(s), and each of them, are at all material times have been,

the agents, servants or employees of each other, purporting to act within the scope of

said Agency, service or employment in performing the acts and omitting to acts as

averred by Plaintiff herein.

29. Defendant(s), 1279 ST. JOHNS PLACE, LLC, 222 FUNDING

ASSOCIATES, ALAN SNIDER, JAMES K. COLEMAN, ALAN J. WAINTRAUB,

JOYCE WAINTRAUB, PINCUS DAVID CARLEBACH, are hereinafter collectively

referred to as the "Foreclosing Defendants."

30. Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, Agent, co-conspirator or member of a joint venture of each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

<u>BRIEF HISTORY</u>

31. On or about December 23, 2011, Plaintiff Everton Aloysius Sterling was led to believe he was loaned 190,000.00 from COLUMBIA CAPITAL CO. for a certain real property located at 551 Knickerbocker Avenue, Brooklyn, New York 11221, commonly known as (the "Subject Property") .

32. The Mortgage for said Subject Property was secured by an alleged Note in the Original Principal loan amount of $190,000.00 for a loan allegedly made to Plaintiff Everton Aloysius Sterling by COLUMBIA CAPITAL CO.

33. On or about August 20, 2012, COLUMBIA CAPITAL CO. purportedly transferred the alleged Note to Defendant 222 FUNDING ASSOCIATES with an Allonge.

34. Said Note and Allonge was unattached and bore a special indorsement stating "Pay to the Order of 222 FUNDING ASSOCIATES" without a date, representation, warranty or recourse in any event for any reason.

35. On or about August 23, 2012, Defendant 222 FUNDING ASSOCIATES allege that they made another loan to a Corporation owned by Plaintiff, named LATOU REALTY CORP in the Original Principal amount of $275,000.00.

36. On or about August 23, 2012, Defendant 222 FUNDING ASSOCIATES alleges that the two Notes were consolidated as an Original Principal amount of $465,000.00.

<u>GENERAL ALLEGATIONS</u>

37. Plaintiff, Everton Aloysius Sterling, hereby respectfully makes the Court aware that the respective Proper Party Defendant(s), and each of them, are engaged in a fraudulent wrongful foreclosure action which is a blatant breach of the implied covenant of good faith and fair dealing to gain unjust enrichment from the Plaintiff.

38. The proof of the statement mentioned above and the ramifications thereof can be discerned more readily from the failure of the Defendant(s), and each of them, to provide any validation of their presumed equitable claims in accordance with clearly established law for which Plaintiff made timely lawful requests to be given in accordance with RESPA. (See Exhibit A, "Everton A. Sterling Foundation's 'NOTICE TO NOMINEE' dated January 17, 2013, and Affidavit of Default and Estoppel by Acquiescence dated December 16, 2013").

39. Notably, the Allonge allegedly attributed to the transfer of the Note for the Original Mortgage was invalid and defective on its face because it did not reflect an indorsement on a paper so firmly affixed to the instrument as to become an extension or part of it in violation of UCC § 3-202(2).

40. The assignment of said Original Mortgage to Defendant 222 FUNDING ASSOCIATES was fraudulently done where the dates of the signatures on that document were erroneous and fabricated. (See Exhibit B, Mortgage Assignment dated June 5 or 6, 2014).

41. Also, the other alleged loan creating the Note for the Principal Amount of 275,000.00 (Note 2), which Defendant 222 FUNDING ASSOCIATES claims to have paid or made to Plaintiff was never actually paid or made to Plaintiff on or about August 23, 2012. This alleged loan transaction never took place.

42. Plaintiff made another Affidavit of Default and Estoppel by Acquiesence to Defendant 222 FUNDING ASSOCIATES dated December 16, 2013, which

demanded that Defendant 222 FUNDING ASSOCIATES adequately respond with proof of their alleged claim that Defendant 222 FUNDING ASSOCIATES never responded to with any validation of the alleged debt. (See Exhibit C, Affidavit of Default and Estoppel by Acquiescence dated January 31, 2014).

43. The second alleged loan (Note 2) also was undated and unattached from the Allonge and contained a special indorsement as well stating "Pay to the Order of 1279 St. Johns Place, LLC, a New York Limited Liability Company...Without Recourse".

44. Said Note 2 also was fabricated without representation or warranties of any nature in violation of UCC § 3-202(2), and therefore such improprieties makes the second Note void, or voidable.

45. On or about June 5 or 6, 2014, Defendant 222 FUNDING ASSOCIATES allegedly transferred or assigned Plaintiff's Mortgage and Note to Defendant 1279 ST. JOHNS PLACE, LLC without giving Plaintiff Notice or opportunity to validate the alleged debt in accordance with FDCPA.

46. After Plaintiff filed a Bankruptcy Petition in September 15, 2014, Defendant 1279 ST. JOHNS PLACE, LLC filed a Motion to Lift the Automatic Stay in said Bankruptcy without filing Proof of Claim or giving Plaintiff Notice of their Assignment of the alleged Debt from Defendant 222 FUNDING ASSOCIATES.

47. On or about November 24, 2015, Plaintiff served Defendant 1279 ST. JOHNS PLACE, LLC with a Legal Notice for "Validation of Debt/Proof of Claim/Error Resolution and Information Request/Qualified Written Request which Defendant 1279 ST. JOHNS PLACE, LLC never responded to (See Exhibit D, "Legal Notice").

48. On or about January 29, 2016, Plaintiff served Defendant 1279 ST. JOHNS PLACE, LLC with a Notice of Dishonor and Non-Response Notary Presentment attesting to the fact that they did not respond or provide any required documentation

to validate their presumed equitable claim to the subject property of this action. ('See Exhibit E "Notary Presentment/Notary Certificate of Dishonor and non response).

49. At no time relevant to this action did Plaintiff Everton Aloysius Sterling ever receive evidence of the validation of the Defendant(s), and each of them, unsubstantiated claims, in accordance with the FDCPA, RESPA, TILA and UCC Article 9, therefore Plaintiff respectfully reiterates that the Defendant(s), and each of them, who claim the Plaintiff owes the Principal Amount of $465,000.00 is fraud and a breach of the covenant of good faith and fair dealing for purposes of unjust enrichment.

50. The aforementioned defective Allonges allegedly associated with their alleged respective Notes, invalidates the transfer or Assignment of Plaintiff's Mortgage and Note and renders said Note and Mortgage as void, and therefore the foreclosure of said Mortgage and Note is void as a matter of law.

51. Also, Defendant 222 FUNDING ASSOCIATES did not have authority to act as a lender under the laws of New York State pursuant to NYS Dept. of Financial Services (See Exhibit F, FOIL Request).

52. And the fact that the Notes and Allonges attributed to the subject property are defective and/or fabricated without dates or representations of the Holders in Due Course is not enforceable and void according to Chauncey v. Arnold, 24 N.Y. 330 (1862).

## CAUSES OF ACTION

### I. WRONGFUL FORECLOSURE

53. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 52, inclusive, as though fully set forth herein and affirms that Defendant(s), and each of them, had no lawful authority to enforce fraudulent Security Instruments

without complying with the requisite federal laws qualifying the validation of the debt and the true holder(s) of same as a matter of law.

54. As a direct and proximate result of Defendant(s), and each of them, actions to pursue an unsubstantiated claim, Plaintiff has suffered significant damages to his reputation as a Pastor, emotional, stress and credit stability.

55. Plaintiff asserts there exists a justiciable controversy as to the rights of the parties in this action and respectfully requests this Court give a judicial determination as to whether Plaintiff has a right to have a reasonable expectation of the provisions of the law to be adhered to concerning FDCPA, RESPA, TILA, UCC Art. 9, Art. I, Sec. 8 and Art. IV, Sec. 3 respectively.

## II. FRAUD

56. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 55, inclusive, as though fully set forth herein and affirms that Defendant concealed the true facts of the Mortgage and Note for the purpose of defrauding Plaintiff.

56. Defendant made the above-referenced false representations, concealments and non-disclosures with knowledge of the misrepresentations, intending to induce Plaintiffs' reliance, which the unsuspecting Plaintiffs justifiably relied upon, resulting in general and special damages as well as the loss of the Subject Property.

57. Plaintiff was unaware of the true facts. Had Plaintiffs known the true facts, Plaintiff would not have entered into a mortgage with foreclosure Defendants and would not have paid foreclosure Defendants any monies to meet an assumed obligation to that fraudulent mortgage; and Defendant 222 Funding Associates still currently hold other monies in escrow that Plaintiff cannot obtained proper accounting

thereof because of their failure and refusal to respond to my lawful FDCPA, RESPA, and TILA Request..

58. As a direct and proximate result of Defendant(s), and each of them, fraudulent conduct, Plaintiff has suffered compensatory, general and special damages in an amount according to proof at trial.

59. Additionally, Defendant acted with malice, conversion, fraud and/or oppression and, thus, Plaintiffs are entitled to an award of punitive damages.

## II. NEGLIGENCE

### (AGAINST THE FORECLOSING DEFENDANTS)

60. At all times relevant herein, the Foreclosing Defendants, acting as the alleged lender and Plaintiffs' in their foreclosure action, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited, accurate crediting of payments made by Plaintiffs and to produce verification of same under Federal Reserve Generally Accepted Accounting Procedures when required under law.

61. In taking the actions alleged above, and in failing to take the actions as alleged above, the Foreclosing Defendants breached their duty of care and skill to Plaintiffs in the servicing of Plaintiffs' alleged loan by, among other things, failing to properly and accurately credit payments made by Plaintiffs toward the loan, preparing and filing false documents, and foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so.

62. As a direct and proximate result of the negligence and carelessness of the Foreclosing Defendants as set forth above, Plaintiffs suffered general and special damages in an amount to be determined at trial.

63. The Foreclosing Defendants engaged in a pattern and practice of defrauding Plaintiff in that, the Foreclosing Defendants had actual knowledge that the Plaintiffs' account was not accurate but that the Foreclosing Defendants could use the inaccuracy to foreclose on the Subject Property which had substantial equity, to recover its excessive fees, charges and interest.

64. The Foreclosing Defendants also utilized amounts known to the Defendants to be inaccurate to determine the amount allegedly due and owing for purposes of foreclosure.

65. Additionally, the Foreclosing Defendants concealed material facts known to them but not to Plaintiffs regarding payments, notices, assignments, transfers, late fees and charges with the intent to defraud Plaintiffs.

66. The Foreclosing Defendants made the above-referenced false representations, concealments and non-disclosures with knowledge of the misrepresentations, intending to induce Plaintiffs' reliance, which the unsuspecting Plaintiffs justifiably relied upon, resulting in damage to their credit standing, reputation, costs and loss of their property.

67. Plaintiffs were unaware of the true facts. Had Plaintiffs known the true facts, Plaintiffs, among other things, would not have maintained the alleged Foreclosing Defendants as their lender, servicer and trustee (and their alleged agents), and/or, would have taken legal action immediately to save the subject properties.

68. As a direct and proximate result of the Foreclosing Defendants' fraudulent conduct, Plaintiffs have suffered compensatory, general and special damages in an amount to proof.

69. Additionally, the Foreclosing Defendants acted with malice, fraud and/or oppression and, thus, Plaintiffs are entitled to an award of punitive damages.

FRAUD

## (AGAINST DEFENDANT(S) JAMES K. COLEMAN, ALAN J. WAINTRAUB, JOYCE WAINTRAUB, PINCUS DAVID CARLEBACH )

70. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 69, inclusive, as though fully set forth herein and states that Defendant(s) employed who are Agents/Attorneys to represent them in connection with the foreclosure process which had been commenced by the Foreclosing Defendants concealed and fraudulently represented the material issues and facts related to Plaintiff's Mortgage and Note to the detriment of Plaintiff when Plaintiff relied upon the sincerity of their authority and representations.

71.   Based upon information and belief, at all times relevant herein Defendant 222 FUNDING ASSOCIATES was operating in the State of New York without registering as a lawful corporation to do business in the state.

72. As a result of 222 FUNDING ASSOCIATES' failure to comply with the New York State Corporation law, the Deed of Trust/Mortgage alleged herein is voidable by Plaintiff pursuant to Chauncey v. Arnold, supra.

73. Moreover, Defendant 222 FUNDING ASSOCIATES never had any true interest in the subject loan or Mortgage based on the fact that they were not lawfully registered to do business in the State of New York, and thereby did not have any legal right to engage in Mortgage Lending business to make any equitable claim.

74. Moreover, the Foreclosing Defendants never had the legal authority to foreclose because the instrument (Deed of Trust), which permitted foreclosure if the borrower was in default, is void as it was improperly assigned and/or transferred to the Foreclosing Defendants from the original lender. Therefore, the Deed of Trust could not provide a basis for a foreclosure, and is void *ab initio*.

75. Accordingly, Plaintiff hereby requests an order of this Court as a remedy pursuant to FRCP Rule 57, against the Defendant(s), and each of them, for their unlawful action to transfer or assign Plaintiff's Mortgage and Note as it was legally void and conducted without any right or privilege by the Foreclosing Defendants.

76. Although the transfer or assignment of Plaintiff's Mortgage and Note appears valid on its face, it is invalid, and of no force and effect, for the reasons set forth above including, *inter alia*, the fact the Mortgage which purportedly secured the Note, which served as the basis for a claim to have the right to conduct a foreclosure action was at all times void due to the wrongful and improper assignment to the Foreclosing Defendants.

77. Plaintiff is therefore entitled to an order that the foreclosure action is void *ab initio* and cancelling such presumed void action.

78. Plaintiff affirms that the assignment of the Mortgage is invalid, and of no force and effect, for the reasons set forth above including, inter alia, the fact the Defendant 222 FUNDING ASSOCIATES did not have standing or the legal authority to assign the Mortgage that purportedly secured the Note, and which served as the basis for a claim to have the right to conduct a foreclosure, thus, the assignment of the Mortgage was at all times void.

79. Plaintiff is therefore entitled to an order that the Assignment of the Mortgage is void ab initio and cancelling such Assignment.

80. Accordingly, none of the Foreclosing Defendants in this action had the right to declare default, cause notices of default to be issued or recorded, or foreclose on Plaintiffs' interest in the Subject Property.

81. The Foreclosing Defendants were not the note holder or a beneficiary at any time with regard to Plaintiffs' loan.

82. Plaintiff further alleges on information and belief that none of the Foreclosing Defendants in this action are beneficiaries or representatives of the true beneficiary and, if the Foreclosing Defendants allege otherwise, they do not have the original note from Colombia Capital Co., to prove that they are in fact the party authorized to conduct the foreclosure.

83. Plaintiffs' further allege on information and belief that the loan was sold or transferred without notifying the Plaintiffs in writing. Therefore, the loan is void of legal rights to enforce it.

84. Additionally, The Foreclosing Defendants violated HAMP Act, which requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower or person by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

85. None of the Foreclosing Defendants contacted Plaintiffs to discuss their financial situation. Moreover, none of the Foreclosing Defendants explored options with Plaintiffs to avoid foreclosure.

86. Additionally, none of the Foreclosing Defendants informed Plaintiffs of the right to have a meeting within 14 days of said contact. Accordingly, the Foreclosing Defendants did not fulfill their legal obligation to Plaintiffs.

87. Thus, the Foreclosing Defendants engaged in a fraudulent foreclosure of the Subject Property in that the Foreclosing Defendants did not have the legal authority to foreclose on the Subject Property and, alternatively, if they had the legal authority, they failed to comply with all applicable law to validate a debt and establish the true holder in due course.

88. As a result of the above alleged wrongs, Plaintiffs have suffered general and special damages in an amount to be determined at trial.

## V. BREACH OF THE COVENANT OF GOOD FAITH
## AND FAIR DEALING

### (AGAINST THE FORECLOSING DEFENDANTS)

89. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 88, inclusive, as though fully set forth herein to state that the Plaintiffs' original loan agreement was induced by *fraud in the factum*.

90. Alternatively, if the original note and deed of trust were properly assigned to Defendant(s) 222 FUNDING ASSOCIATES and 1279 ST. JOHNS PLACE, LLC, Defendants breached the Note and Mortgage that Plaintiffs signed in August 20, 2012. (See Exhibit G, 1st Assignment of Mortgage Colombia Capital Co. 222 Funding Associates)

91. The Foreclosing Defendants breached the note and deed of trust by failing to disclose the true nature of the Plaintiffs' alleged loan, the result of which led to the Foreclosing Defendants eventually foreclosing on the Subject Property.

92. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.

93. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement.

94. The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose.

95. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

96. Alternatively, if the Note and Mortgage from Colombia Capital co., was validly and properly assigned to the Foreclosing Defendants, the Foreclosing Defendants did not act in good faith and did not deal fairly with Plaintiffs in

connection with the alleged Assignment of the Note and Mortgage when they refused to properly respond to the lawful requests of Plaintiff to validate their alleged loan agreement in accordance with clearly established law and thereafter foreclose on the Subject Property without providing proof of their alleged claim

97. The Foreclosing Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint.

98. They were required to exercise such power in good faith.

99. The Foreclosing Defendants engaged in such conduct to drive Plaintiffs into foreclosure so that they could acquire the Subject Property with its large equity at a bargain basement price.

100. These actions were a bad faith breach of the contract between Plaintiff and the Foreclosing Defendants which show that they had no intention of performing the contract, consisting of the original Note and Mortgage, in good faith.

101. As a direct and proximate result of the Foreclosing Defendants' breaches of this covenant, Plaintiffs have suffered general and special damages in an amount to be determined at trial.

## VI. UNJUST ENRICHMENT

102. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 101, inclusive, as though fully set forth herein and states that by their wrongful acts and omissions, the Foreclosing Defendants have been unjustly enriched at the expense of Plaintiffs, and thus Plaintiffs have been unjustly deprived.

103. By reason of the foregoing, Plaintiff seeks restitution from the Foreclosing Defendants, and an order of this Court disgorging all profits, benefits, and other compensation obtained by the Foreclosing Defendants from their wrongful conduct.

104. The Foreclosing Defendants' Agents fail to act in good faith as they take fees for services but do not render them competently and in compliance with applicable law.

105. The foregoing acts and practices have caused substantial harm to Plaintiff.

106. As a direct and proximate cause of the unlawful, unfair and fraudulent acts and practices of the Foreclosing Defendants, Plaintiff has suffered and will continue to suffer damages in the form of unfair and undue emotional distress and mental anguish.

107. By reason of the foregoing, the Foreclosing Defendants have been unjustly enriched and should not be allow to profit from Plaintiff's usurpation of his property rights.

108. Defendant(s), and each of them, should be enjoined from continuing in such practices.

109. Additionally, Plaintiff is therefore entitled to injunctive relief and attorney's fees as available under all applicable law.

## VII. QUIET TITLE

### (AS TO DEFENDANTS ; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO)

110. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 109, inclusive, as though fully set forth herein.

111. Plaintiffs are the equitable owners of the Subject Property which has the following legal description: 551 Knickerbocker Avenue, Brooklyn, New York state [11221]; Block: 3335, Lot: 6 and 1320 East 222 Street, Bronx, New York state [10469]; Block: 4730, Lot: 7 and 10,